## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 7:20-cr-0268-ACA-SGC |
| ) | |
| DEVONTAY JERROD HUTT, ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The United States of America and Defendant **DEVONTAY JERROD HUTT** (hereinafter "**HUTT**") hereby acknowledge the following plea agreement in this case:

## PLEA

The Defendant agrees to plead guilty to **COUNTS ONE AND TWO** of the Indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, recommends the disposition specified below subject to part **VII**.

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT:

The Parties understand that the maximum statutory punishment that may be imposed for the crime of **Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1)**, as charged in

*DH*

**COUNTS ONE** is:

    a. Imprisonment for not more than 10 years*;

    b. A fine of not more than $250,000, or

    c. Both (a and b);

    d. Supervised release of not more than 3 years; and

    e. Special Assessment Fee of $100 per count.

*In the case of a person who violates section 18 U.S.C. § 922(g) and has three previous convictions by any court for a violent felony or a serious drug offense, or both, such person shall be imprisoned not less than fifteen years and not more than Life pursuant to 18 U.S.C. § 924(e).*

The Parties understand that the maximum statutory punishment that may be imposed for the crime of **Possession of a Machinegun, in violation of Title 18, United States Code, Section 922(o)**, as charged in **COUNT TWO** is:

    f. Imprisonment for not more than 10 years*;

    g. A fine of not more than $250,000, or

    h. Both (a and b);

    i. Supervised release of not more than 3 years; and

    j. Special Assessment Fee of $100 per count.

II.    **FACTUAL BASIS FOR PLEA**:

**The United States is prepared to prove, at a minimum, the following facts if this matter went to trial:**



On the evening of December 31, 2019, ATF SA Brantley was monitoring a Facebook Live video that was being streamed by **DEVONTAY JERROD HUTT**. Initially, HUTT and several other members of the YGN gang were flashing and discussing their guns. One of those guns was a Glock 9 millimeter pistol that had a "Glock switch," which converts the pistol to automatic fire. That Glock was being handled by **HUTT** in the video. Individuals in the video made a statement about traveling to a local Shell convenience store that is next to a chicken wings restaurant.

Brantley alerted ATF TFO Jared Olvey to the video and its contents. Olvey contacted members of the West Alabama Narcotics Task Force, and the group traveled to the Shell store at 1801 Culver Road in Tuscaloosa. Once there, the officers observed a blue Chevrolet Malibu backed into a parking space. They knew that **HUTT** drove that type of vehicle.

Olvey observed a male resembling **HUTT** inside the wings restaurant connected to the Shell. He also observed a second male known to police inside the business. When Olvey turned on his vehicle's police lights, a third male wearing a red jacket got out of the Malibu and went into the Wings restaurant. **HUTT** and the male with the red jacket ran out the back of the restaurant and got away. The officers detained the second male, a juvenile known to associate with the YGN.

Olvey walked around the Malibu and noticed that it was unlocked and still running without a key in the ignition. In plain view, he observed a Glock pistol with

a drum magazine on the driver's floorboard. He also saw an AR-style pistol in the floorboard of the front passenger seat. Olvey also observed on the driver's side a plastic bag with white contents that he recognized as likely narcotics. Olvey and the other officers entered the vehicle and searched it based on that plain view observation and the public safety concerns raised by the unlocked, idling vehicle with firearms visible inside. Olvey seized the **Glock 9 millimeter pistol**, which had a "Glock switch" making it fully automatic, a .223 AR-style pistol in the front passenger floorboard, marijuana, scales, and the bag with white contents, which turned out to be hydrocodone pills.

ATF SA Brantley took an audio-recorded post-*Miranda* statement from **HUTT** after he was arrested by his probation officer on January 8, 2020. In that statement, **HUTT** denied ownership of the fully-automatic Glock but eventually admitted possessing it.

ATF Special Agent Brantley examined the **Glock 9 millimeter pistol, bearing serial number BHFX851,** and found that (i) it qualified as a firearm under 18 USC § 921(a)(3) and (ii) that it was manufactured in Austria, which satisfies the interstate commerce requirement of 18 USC § 922(g)(1). An ATF firearms examiner later examined and test-fired the **Glock 9 millimeter pistol.** He found that the pistol qualified as a fully functional machinegun under federal law.

**HUTT** has one prior felony conviction. He was convicted on September 29, 2015, of the offense of Robbery, Second Degree. **HUTT** knew that his prior conviction was punishable by more than 12 months imprisonment because he received a 10-year sentence split to serve 3 years in prison.

**The Defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the Defendant's sentence. The Defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the Defendant and/or any co-conspirators may have committed.**



**DEVONTAY JERROD HUTT**

### III. RECOMMENDED SENTENCE:

Pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., the Government will recommend the following disposition:

(a) That the Defendant be awarded an appropriate reduction in the offense level for acceptance of responsibility;

(b) That the Defendant be remanded to the custody of the Bureau of Prisons and incarcerated for **CONCURRENT** terms of imprisonment in the middle of the guideline ranges for **COUNTS ONE AND TWO,** which will be determined at the

   sentencing hearing, and that **COUNT THREE** be dismissed at sentencing;

(c)   That following the said terms of imprisonment, the Defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in USSG § 5D1.3 and the minimum term of supervised release mandated by statute;

(d)   That the Defendant be required to pay a fine which will be determined by the court, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e)   That the Defendant be required to pay restitution in the amount of: *Not applicable;*

(f)   That the Defendant pay a special assessment fee of $100 per count on or before the sentencing date, said amount due and owing as of the date sentence is pronounced; and

(g)   That the Defendant be required to submit a full financial disclosure to the United States Attorney's Office on the date of sentencing.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF:

In consideration of the recommended disposition of this case, I, DEVONTAY JERROD HUTT, hereby waive and give up my right to appeal my conviction in this case, as well as any fines, restitution, forfeiture order, and/or sentence the court might impose. Further, I waive and give up the right to challenge my conviction, sentence, any fines, restitution, and/or forfeiture orders imposed or the manner in which my conviction, sentence, any fines, restitution, and/or forfeiture orders were determined in any collateral attack or post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

I reserve the right to contest in an appeal or post-conviction proceeding any or all of the following:

    (a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s);

    (b)    Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

    (c)    Ineffective assistance of counsel.



I acknowledge that before giving up these rights, I discussed the Federal Sentencing Guidelines, the statutory range of punishment, and their application to my case with my attorney, who explained them to my satisfaction. I further acknowledge and understand that the Government retains its right to appeal where authorized by statute.

I, DEVONTAY JERROD HUTT, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.



DEVONTAY JERROD HUTT

V. **UNITED STATES SENTENCING GUIDELINES**:

Counsel has explained to the Defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The Defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and Defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the Defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT**, and that the Court need not accept the Government's recommendation. **Further, the Defendant understands that if the Court does not accept the Government's recommendation, he/she does not have the right to withdraw his/her guilty plea.**

## VII. VOIDING OF AGREEMENT:

The Defendant understands that if he/she (a) violates any federal, state, or local law or any condition of pretrial release after entering into this Plea Agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this Plea Agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle Defendant to withdraw a previously entered guilty plea.

DH

VIII. **OTHER DISTRICTS AND JURISDICTIONS:**

The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

IX. **AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION:**

As part of the Defendant's plea agreement, the Defendant admits to the above facts associated with the charge(s) and relevant conduct for any other acts. The Defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the Defendant's range of punishment under the advisory sentencing guidelines. The Defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if as a result of this agreement, one or more counts will be dismissed, the Defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those dismissed counts and waives objection to the inclusion of that restitution in any order issued by the Court.

DH

## X.  TAX, FORFEITURE, AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit the Government's authority to pursue any pending or prospective proceedings related to Defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative proceedings**, including any civil or administrative forfeiture proceedings.

### Criminal Forfeiture

The Defendant agrees to consent to the entry of a final forfeiture judgment against him, pursuant to Fed. R. Crim. P. 32.2(b)(1), of all firearms and ammunition involved in or used in the commission of the offense(s) in **COUNTS ONE AND/OR TWO** of the Indictment, including: **a Glock 9 millimeter pistol, bearing serial number BHFX851, and any associated magazines and ammunition.** For purposes of entering said order of forfeiture, the Defendant acknowledges that a nexus exists between said firearm(s) and the criminal offense(s) to which the Defendant is pleading guilty.

The Defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding. The Defendant hereby waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the



charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant also waives the requirements of Federal Rules of Criminal Procedure 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement. The Defendant acknowledges that he/she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his/her guilty plea is accepted.

The Defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, any Double Jeopardy challenges that the Defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of the Indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

### Non-Abatement of Criminal Forfeiture

The Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive the Defendant, notwithstanding the abatement of any

underlying criminal conviction after the execution of this Plea Agreement. The forfeitability of any particular property pursuant to this Plea Agreement shall be determined as if the Defendant had survived, and that determination shall be binding upon the Defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this Plea Agreement requires the Defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the Defendant's victims, the Defendant agrees that the forfeiture is primarily remedial in nature.

## Immigration

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

**XI.   COLLECTION OF FINANCIAL OBLIGATIONS:**

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to fully disclose all assets in which the defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The Defendant also will promptly submit a completed financial statement to the United States Attorney's Office in a form that it provides and as it directs. The Defendant also agrees that the Defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligations imposed by the Court.

**XII.   DEFENDANT'S UNDERSTANDING:**

I have read and understand the provisions of this agreement consisting of **16** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption

DH

of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not consumed any drugs, medication, or alcohol within the past 48 hours except as stated here (write "none" if none taken/consumed): None.

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read and approve all of the previous paragraphs of this Agreement, and that I understand all of the provisions of this Agreement, both individually and as a total binding agreement.

1-22-21
**DATE**

Devontay Hutt
**DEVONTAY JERROD HUTT**
**Defendant**



## XIII. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised him/her of his/her rights and all possible defenses. My client has conveyed to me that he/she understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

1/22/2021
DATE

STUART D. ALBEA
**Defendant's Counsel**

## XIV. GOVERNMENT'S ACKNOWLEDGMENT:

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
**United States Attorney**

DATE

ALAN BATY
**Assistant United States Attorney**

DH