# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **vs.** § | **CASE No.: 7:20-cr-0268-ACA-SGC** |
| § | |
| **DEVONTAY JERROD HUTT,** § | |
| § | |
| **Defendant.** § | |

## OBJECTION TO PRESENTENCE REPORT

COMES NOW the Defendant in the above styled matter, and objects to the following paragraph of the pre-sentence report, and as grounds for the same would show as follows:

## BACKGROUND

On January 26, 2021, Defendant entered a plea of guilty to (i) Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) under Count One of the Indictment and (ii) Possession of a Machinegun in violation of 18 U.S.C. § 922(o) under Count Two.

Defendant enters this objection so as to provide relevant information for the Court to use in fashioning a sentence no greater than necessary to effectuate the goals of sentencing under 18 U.S.C. § 3553(a)(2).

## OBJECTION

1. **Section 22.** The presentence report adds four (4) points to the

Defendant's guideline calculations for possession of the firearm "in connection with another felony offense" pursuant to USSG § 2K2.1(b)(6)(B).  This section states in pertinent part that

> "If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels."

U.S.S.G. 2K2.1.  The report identifies the additional felony offenses as possession of

> "a .223 AR-style pistol (serial # NS177145), in connection with marijuana, scales, plastic sandwich bags, ammunition, additional magazines, and Hydrocodone pills which were recovered in close proximity to one another inside the Chevrolet Malibu that Hutt drove."

There is no evidence to support a finding that Mr. Hutt was aware of any of the items of contraband listed above.  Said items are not listed in the "Factual Basis for Plea" in the Plea Agreement.  Mr. Hutt was not charged with possession of these items in federal court or in state court as there exist no evidence to suggest Mr. Hutt knew the other items of contraband were present in the vehicle.  Presumably, the Government will argue that Mr. Hutt was aware of the listed items because they were in the vehicle just exited.  This is refuted because, as recited in the "Factual Basis for Plea," Mr. Hutt had exited the vehicle and entered the Wings restaurant leaving another individual in the vehicle.  This individual remained in

the vehicle at the time law enforcement officers arrived.  Upon their arrival, the other individual exited the vehicle.  It is unknown whether or not the individual who remained in the vehicle after Mr. Hutt exited left the items behind.  Without evidence to the contrary, this Court should not find that Mr. Hutt possessed the firearm for which he has pled guilty in connection with another felony offense.

Once this line item is removed from the guideline calculations, Mr. Hutt's total offense level should be 21.

        Respectfully submitted,

BY:_____
        STUART D. ALBEA
        Attorney for Defendant
        P.O. Box 2673
        Tuscaloosa, AL 35403-2673
        Tel (205) 248-9556
        Fax (205) 449-5813

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of foregoing was filed electronically and notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  In addition, the undersigned as served a copy upon Jennifer Dupuy by via electronic mail at jennifer_dupuy@alnp.usourts.gov.

_____
STUART D. ALBEA